**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBERT E. WARREN,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,*

     Defendant-Appellee.

No. 96-7069
(D.C. No. 95-CV-182)
(E.D. Okla.)

---

ORDER AND JUDGMENT**

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Robert E. Warren appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability insurance benefits. Because the Secretary's decision that claimant can perform a wide range of sedentary work is supported by substantial evidence and no legal errors occurred, we affirm.

Claimant filed his current application for benefits in July 1992, alleging an inability to work after February 1989, due to degenerative disc disease. After a hearing, the administrative law judge (ALJ) found that claimant could perform a wide range of sedentary jobs despite his impairments. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

(quotations and citations omitted). We may "neither reweigh the evidence nor substitute our judgment" for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant argues that the Secretary's decision is not supported by substantial evidence in light of his treating physician's opinion that claimant needs an occupation that would allow him to "move about" at his discretion. He argues that this limitation required the ALJ to consider the existence of jobs that would permit him to walk for five to ten minutes after thirty minutes of sitting.

Claimant's treating physician, Dr. Willis, has diagnosed claimant with degenerative disc disease, and has issued several opinions regarding claimant's ability to perform work related activities. On February 13, 1990, Dr. Willis stated that claimant "needs to refrain from prolong[ed] standing, stooping, bending or lifting of weights greater than 25 lbs on a repetitive basis. He cannot sit longer than two hours." R. II at 227. On May 7, 1990, Dr. Willis opined that claimant needed vocational retraining, and that he "needs to be in an occupation that allows him to stand frequently, sit frequently and does not require him to have repetitive bending or stooping of his waist or lifting of greater than 25 lbs. on a repetitive basis." Id. at 229. On June 15, 1994, Dr. Willis responded to questions by claimant's attorney as follows:

> [Claimant] would be able to work an eight hour day depending on the level of work. Specifically he needs to have a more sedentary type

> job that allows him to move about at his discretion. I do not believe that he will be able to sit or stand for any period longer th[a]n twenty minutes at one time. He will need to be able to move about to unload the weight on his spine. He would be able to walk throughout the day. He needs to limit his walking to no more th[a]n twenty minutes at any one time.
>
> I do believe [claimant] would be able to work full time depending on the type of job. . . .
>
> [Claimant] would need restrictions. He would not be able to lift greater th[a]n ten to fifteen pounds of weight on an occasional basis. He needs to work at a level between his shoulders and his knees in addition to the above mentioned limitations.

Id. at 11. In response to a letter from claimant's attorney, Dr. Willis noted that "[Claimant] just needs to move about to relieve the weight on his spine. Walking from 5-10 minutes usually accomplishes this goal." Id. at 265.

At the hearing, the ALJ asked a vocational expert whether there were jobs claimant could perform given his restrictions, including the limitation that "[h]e could sit for 30 minutes and then stand for, say, five or ten, in the work place." Id. at 60. The vocational expert then identified a range of sedentary assembly jobs that would allow claimant to alternate between sitting and standing.

The record contains support for the ALJ's assessment of Dr. Willis's opinions as requiring only that claimant be given the opportunity to alternate sitting and standing. The doctor's May 1990 opinion specifically limited claimant to occupations which allowed him "to stand frequently [and] sit frequently." Id. at 229. Since that time, Dr. Willis's records show that claimant's condition

-4-

remained stable.  See, e.g., id. at 232 (August 1991 -- "degenerative disc disease remains stable"); at 233 (August 1990 -- "[claimant] is about the same"); at 235 (February 1991 -- "[h]is examination is pretty much unchanged"); at 236 (August 1992 -- "[claimant] remains about the same"); at 248 (February 1993 -- "continues to be about the same").  Although claimant's August 1993 medical examination revealed a new finding of radicular leg pain in the left leg, id. at 253, it resolved with rest, id. and his next visit showed that his "DDD remains about the same[.  H]e is not having any leg pain now like he had in the past," id. at 254.  Thus there is no medical evidence that claimant's condition deteriorated so as to require a new restriction that claimant be permitted to walk about intermittently.

In addition, Dr. Willis's note does not say that walking was medically required, but simply that it usually accomplished the goal of relieving the weight on claimant's spine.  Lastly, claimant testified that  when his legs got numb from sitting, he needed to "[j]ust stand for a few minutes sometimes and it will go away and you can get right back."  Id. at 53.  In light of Dr. Willis's earlier opinion of claimant's abilities and claimant's testimony regarding his restrictions, substantial evidence supports the ALJ's conclusion that claimant's need to "move about" merely required that he be able to alternate from sitting to standing at his discretion.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge